# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Quirina S. Palma, ) | |
| ) | Civil Action No.: 6:17-cv-01723-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court for review of Magistrate Judge Kevin F. McDonald's ("Magistrate Judge") Report and Recommendation ("Report") filed on July 23, 2018 (ECF No. 20). The Report addresses Plaintiff Quirina S. Palma's ("Plaintiff") claim for disability benefits and recommends that the court reverse the decision of the Commissioner of Social Security Administration ("the Commissioner"). (ECF No. 20 at 14.) For the reasons herein, the court **ACCEPTS** the Report, **REVERSES** the decision of the Commissioner, and **REMANDS** Plaintiff's claim for additional administrative action.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 20.) However, as brief background, the Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled for purposes of the Social Security Act ("the Act") on October 15, 2015. (*Id.* at 1.) Although the ALJ found that "[P]laintiff's spinal degenerative disease with radiculopathy (or degenerative disc disease) was severe," the ALJ concluded that Plaintiff could still perform medium work. (*Id.* at 12-13.) Plaintiff requested the Appeals Council ("the Council") to review the ALJ's decision and was denied that request on April

28, 2017. (*Id.* at 2.) Thus, the ALJ's decision is the final decision of the Commissioner. *Moody v. Chater*, 1995 WL 627714, at *1 (4th Cir. Oct. 26, 1995) (stating that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed the instant action on June 30, 2017. (ECF No. 1.)

In the Report, the Magistrate Judge concluded that the ALJ committed reversible error by failing to explain why there was no weight given to a prior finding of Plaintiff's medical condition by a different ALJ. (ECF No. 20 at 13.) More specifically, the Magistrate Judge's Report notes that the court "cannot find that . . . substantial evidence exists" and that the ALJ's findings were reached through the incorrect legal standard. (*Id.*) On this basis, the Report recommended that the court reverse the decision of the Commissioner and remand the case for further administrative proceedings. (*Id.* at 14.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

The parties were apprised of their opportunity to file objections to the Report on July 23, 2018. (ECF No. 20.) On August 1, 2018, the Commissioner notified the court that there would be no objection to the Magistrate Judge's Report. (ECF No. 22.) Similarly, Plaintiff has not filed any objection to the Report.

In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Furthermore, a failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). In the instant case, the court has carefully examined the findings of the Report and concludes that the ALJ's decision was not supported by substantial evidence as it relates to Plaintiff's disability. (ECF No. 20 at 21.) Since no specific objections were filed by either party, the court adopts the Report herein. *Camby*, 718 F.2d at 199.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 20) and incorporates it herein. The Commissioner's decision is therefore **REVERSED** and **REMANDED** for further administrative action in accordance with 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 15, 2018
Columbia, South Carolina